IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

S))))))))))))))Q
No. 95-60004
Summary Calendar
S))))))))))))))Q


CHIN SIONG CHONG,

Petitioner,

versus


IMMIGRATION AND NATURALIZATION
SERVICE,

Respondent.


S)))))))))))))))))))))))))Q
Appeal from a Decision of the
Board of Immigration Appeals
A29 715 171
S)))))))))))))))))))))))))Q

August 7, 1995


Before GARWOOD, HIGGINBOTHAM and DAVIS, Circuit Judges.

PER CURIAM:[*]

Petitioner admitted deportability, and at the June 1991 hearing all that was ultimately at issue was his request for voluntary departure, as he withdrew his earlier application for suspension of deportation.  The Board of Immigration Appeals (BIA)

---

[*]     Local Rule 47.5 provides:  "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the Court has determined that this opinion should not be published.

in the exercise of its discretion denied voluntary departure, as had the Immigration Judge (IJ).

Petitioner complains in this Court that he was denied due process because he was not afforded notice and an opportunity to examine, sufficiently in advance of the June hearing, two documents the INS furnished his counsel just before that hearing. These documents related to an incident at the Niagara River in New York in July 1990, at which Petitioner was detained or questioned on suspicion of alien smuggling. Petitioner's counsel asked for "a short continuance to allow me to investigate the status of these allegations," but when the IJ thereafter indicated that these would likely only be rebuttal evidence as to which Petitioner would not be entitled to a continuance, Petitioner's counsel responded by saying, "The only reason I would request a continuance would be to evaluate the request for relief which my client has made." The IJ then allowed a half-hour recess. Later in the hearing, the INS offered the documents. Petitioner's counsel objected on grounds of relevancy, and because the documents allegedly referred to contradictory dates and one was undated. The IJ stated he would withhold ruling "until after I hear what testimony may be developed to show the relevancy" and "I'll give you an opportunity to object to the documents later." Later in the hearing the INS reoffered the documents, but Petitioner's counsel made no objection. Before the BIA, Petitioner (represented by counsel) did not question the relevancy or authenticity of the documents. The incident to which the documents related was mentioned in Petitioner's application for suspension of deportation, and Petitioner's counsel had been

2

specifically questioned about it by the IJ at the earlier February 1991 hearing. Petitioner testified about the July 1990 Niagara incident at the June 20, 1991, hearing. Although Petitioner's counsel stated at the June 20 hearing "we previously requested the documents concerning this respondent from the Immigration Service," no such request, nor any evidence of it, is in the record. Nothing indicates that the BIA relied on the documents in determining not to grant Petitioner voluntary departure. We conclude that Petitioner has not established that the proceedings below denied him due process.

Petitioner's only remaining claim is that the evidence does not sustain the BIA's determination that he did not merit the discretionary relief of voluntary departure, and that the BIA abused its discretion in declining to grant such relief. This is a matter which is committed to the discretion of the BIA, and we can find no abuse of discretion. It considered the evidence favorable to petitioner and evidence unfavorable to himSQapart from the challenged documents which it did not purport to rely on in this connection. On our review of the record, we cannot say that the BIA's ultimate decision was irrational or arbitrary or without reasonable support (wholly apart from the challenged documents). We reject Petitioner's contention in this respect.

Accordingly, the decision of the BIA is

AFFIRMED.

3